**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: _____-- Civ. (__)

SONORO INVEST S.A.,
a Panamanian corporation,

    Plaintiff,

v.

ABAKAN, INC.,
a Nevada corporation,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff, Sonoro Invest S.A. ("Sonoro"), by and through its undersigned counsel, hereby files this Complaint against Defendant, Abakan, Inc. ("Abakan"), and alleges as follows:

**NATURE OF THE ACTION**

1.    This Action arises from the nonpayment upon maturity and resulting default of three promissory notes (collectively, the "Notes") issued by Abakan for Sonoro's benefit, pursuant to an Amended and Restated Waiver and Exchange Agreement of April 23, 2013.  A true and correct copy of the Amended and Restated Waiver and Exchange Agreement is attached hereto as Exhibit 1, which annexes a true and correct copy of each of the Notes at Exhibits A-C thereto.  The Notes Abakan issued to Sonoro are as follows:

    i.    Amended Convertible Promissory Note in the principal amount of $1,500,000 issued on March 17, 2011, with a maturity date of September 15, 2014, and bearing an interest rate of 5% (the "$1,500,000 Amended Convertible Promissory Note") (Exhibit 1-A hereto);

1

    ii.    Amended Convertible Promissory Note in the principal amount of $200,000 issued on June 7, 2011, with a maturity date of September 15, 2014, and bearing an interest rate of 5% (the "$200,000 Amended Convertible Promissory Note") (Exhibit 1-B hereto); and

    iii.    Promissory Note in the principal amount of $405,000 issued on April 23, 2013, with a maturity date of September 15, 2014, and bearing an interest rate of 8% (the "$405,000 Promissory Note") (Exhibit 1-C hereto).

2. Together with interest and other default payments due and owing, Abakan is indebted to Sonoro in the total amount of **$3,187,056.98** as of September 16, 2014. In addition, Sonoro is entitled to its attorneys' fees and costs incurred with the enforcement of the Notes, pursuant to the provisions of each of the Notes.

3. Due to Abakan's history of violating the covenants of the Notes and fraudulently transferring assets and/or otherwise diminishing Sonoro's security, Sonoro also seeks injunctive relief enjoining Abakan from fraudulently conveying its assets, impairing Sonoro's security, and otherwise impeding Sonoro's ability to collect the sums due and payable on each of the Notes.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this Action pursuant to 28 U.S.C. § 1332, in that there is diversity of citizenship between Sonoro and Abakan, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Additionally, each of the Notes provide at Section 4.6 that "[a]ny action brought by either party against the other concerning the transactions contemplated by this Note shall be brought only in the state courts of Florida or in the federal courts located in Dade County." *See* Exhibit 1 – A-C.

## THE PARTIES

6.     Sonoro is a Panamanian corporation with its address at Calle 53E Urbanizacion Marbella, MMG Tower, 16th Floor, Panama, Republic of Panama.  Sonoro is the owner of each of the Notes, which were issued and delivered to Bank Julius Baer & Co. Ltd., a Swiss corporation, as Sonoro's custodian and designee.  *See* Section 2(a) of the Amended and Restated Waiver and Exchange Agreement, at Exhibit 1.  Pursuant to assignment, Sonoro is the Holder of the Notes and the original Notes are in Sonoro's possession.  *See* Assignment of the Notes, attached hereto as Exhibit 2.

7.     Upon information and belief, Abakan is a Nevada corporation which, at all relevant times to this Action, had its principal place of business at 2665 South Bayshore Drive, Suite 450, Miami, Florida 33133.

## BACKGROUND FACTS

8.     Sonoro and Abakan were parties to two Securities Purchase Agreements, pursuant to which Abakan issued two convertible promissory notes to Sonoro dated March 17, 2011 and June 7, 2011, respectively.  *See* Exhibit 1.

9.     Abakan defaulted on both of the convertible promissory notes it issued to Sonoro. *Id*.

10.    Thereafter, the Parties agreed to enter into the Amended and Restated Waiver and Exchange Agreement (Exhibit 1), pursuant to which Abakan issued the three new Notes on Sonoro's behalf:  the $1,500,000 Amended Convertible Promissory Note, the $200,000 Amended Convertible Promissory Note, and the $405,000 Promissory Note (Exhibit 1 – A-C).

**Abakan's Nonpayment and Default of the Notes**

11.     Despite the Notes' maturity dates of September 15, 2014, Abakan failed to pay Sonoro the principal balance and accrued interest under the Notes on September 15, 2014.

12.     On September 16, 2014, Sonoro served Abakan with a default notice, demanding immediate payment of the amounts due on the Notes ("Sonoro's Default Notice").  A true and correct copy of Sonoro's Default Notice and proof of service is attached hereto as Exhibit 3.

13.     Abakan's failure to repay to Sonoro the principal balance and accrued interest on each of the Notes on their maturity date constitutes a default of the terms and provisions of each of the Notes.

14.     Article III of each of the Notes is titled "Events of Default" and provides that the occurrence of any of a number of specified events shall be deemed an Event of Default.

15.     Article III, Section 3.1 of each of the Notes provides:  "Failure to Pay Principal or Interest.  The Borrower fails to pay the principal hereof or interest thereon when due on this Note, whether at maturity, upon acceleration or otherwise." *See* Exhibit 1 – A-C.

16.     The principal balance of each of the Notes, together with accrued and unpaid interest, was due and owing on September 15, 2014.

17.     Pursuant to Article III, Section 3.1 of each of the Notes, Abakan defaulted under the terms of the Notes by failing to pay their principal balance and accrued interest on their maturity date.

18.     Despite delivery of Sonoro's Default Notice to Abakan, Abakan has not satisfied all or any of the principal balance or accrued and unpaid interest on the Notes.

**Default Interest Due on the Notes**

19.     Each of the Notes provides for "Default Interest" (as defined in each of the Notes) commencing upon default and accruing until such time as the Notes are paid in full.  *See* Exhibit 1 – A-C.  The $1,500,000 Amended Convertible Promissory Note and the $200,000 Amended Convertible Promissory Note bear Default Interest at a rate of 10%, and the $405,000 Promissory Note bears Default Interest at a rate of 12%.  *See* Exhibit 1 – A-C.

**Bonus Payments Due on the Notes**

20.     Each of the Notes provides that "[i]f, on the Maturity Date, [Abakan] fails to pay the then outstanding principal of this Note and all accrued and unpaid interest (including Default Interest, if any), then [Abakan] shall pay [Sonoro] a fee of twelve and one-half percent (12.5%) of the sum of the then outstanding principal of this Note and all accrued and unpaid interest (including Default Interest, if any) (the "Bonus Payment").  The Bonus Payment shall accrue Default Interest from the Maturity Date until the Bonus Payment is paid."  *See* Exhibit 1 – A-C.

**Default Amounts Due on the Notes**

21.     Each of the Notes provides that "[u]pon the occurrence and during the continuation of an Event of Default specified in this Article III, the Note shall, upon [Sonoro]'s written notice to [Abakan], become immediately due and payable and [Abakan] shall pay to [Sonoro], an amount equal to the Default Amount (as detailed below) effective on the delivery of written notice to [Abakan] by [Sonoro] (the "Default Notice")."  *See* Exhibit 1 – A-C.

22.     Delivery of Sonoro's Default Notice on September 16, 2014 (Exhibit 3 hereto), caused the "Default Amount" of each of the Notes (as defined in each of the Notes) to be immediately due and owing.

23. The "Default Amount" under the Notes is defined and computed as totaling an amount equal to 125% <u>times</u> the <u>sum</u> of (v) the then outstanding principal amount of the Note <u>plus</u> (w) accrued and unpaid interest on the unpaid principal amount of the Note to the date of payment <u>plus</u> (x) the Bonus Payment, if any, <u>plus</u> (y) Default Interest, if any, on the amounts referred to in clauses (v), (w) and/or (x) <u>plus</u> (z) any amounts owed to [Sonoro] pursuant to Sections 1.3 hereof (the then-outstanding principal amount of the Note to the date of payment <u>plus</u> the amounts referred to in clauses (w), (x), (y) and (z) are collectively known as the "Default Amount"). *See* Exhibit 1 – A-C.

24. Thus, the outstanding principal amount of each Note <u>plus</u> the amounts referred to in clauses (w)-(z) is the Default Amount of each Note.

### The Total Amounts Due on the Notes

25. Despite delivery of Sonoro's Default Notice, Abakan has not paid any principal or interest on the Notes.

26. As of September 16, 2014, the outstanding amounts due on each of the Notes, including the Default Amounts, is as follows:

   i. The $1,500,000 Amended Convertible Promissory Note – $2,265,477.89;

   ii. The $200,000 Amended Convertible Promissory Note – $302,107.36; and

   iii. The $405,000 Promissory Note – $619,471.73.

27. As of September 16, 2014, the total amount due on the Notes is **$3,187,056.98**.

### Collection Fees under the Notes

28. Sonoro retained the undersigned law firm and is obligated to pay a reasonable fee for the services rendered in connection with this matter.

29. Section 4.5 of each of the Notes provides that if "default is made in the payment of this Note, [Abakan] shall pay [Sonoro] costs of collection, including reasonable attorneys' fees." *See* Exhibit 1 – A-C.

30. Sonoro is entitled to recovery of its attorneys' fees, costs, and disbursements from Abakan as a result of Abakan's default of the Notes.

### Abakan Breached the Notes by Fraudulently Transferring Material Assets to Frustrate and Impair Sonoro's Security

31. Upon information and belief, on or about May 31, 2014, Abakan sold its shares of a subsidiary's stock in exchange for another subsidiary's stock, according to Abakan's Form 8-K it filed with the Securities and Exchange Commission on June 3, 2014.

32. Upon information and belief, such transfer was made without Abakan receiving a reasonably equivalent value in exchange for the transfer.

33. In its filing with the Securities and Exchange Commission, Abakan even acknowledged that such transfer was made prior to receiving an independent business valuation. Upon information and belief, no such independent business valuation was ever received by Abakan.

34. Upon information and belief, and based on Abakan's filings with the Securities and Exchange Commission, Abakan should have reasonably believed it would incur debts beyond its ability to pay as they became due.

35. On or about June 19, 2014, Sonoro delivered a letter to Abakan informing it that its sale of such stock, which was a material asset of Abakan's, violated the terms of the Notes and constituted a material breach of the Notes. A true and correct copy of Sonoro's correspondence of June 19, 2014 is attached hereto as Exhibit 4.

36.     The sale of such stock as alleged in paragraph 31 above, which was a material asset of Abakan's, was in direct violation of Section 2.4 of each of the Notes, and constituted a material breach and default of each of the Notes.  *See* Exhibit 1 – A-C.

37.     Abakan's intent to hinder or delay Sonoro's collection of the amounts due under each of the Notes is demonstrated *ipso facto* by Abakan's dissipation of material assets, transferred only three months prior to the maturity date of each of the Notes.

## COUNT ONE – PROMISSORY NOTE
### (The $1,500,000 Amended Convertible Promissory Note)

38.     Sonoro hereby repeats and realleges paragraphs 1-37 above as if fully set forth herein.

39.     This is an Action for damages in excess of $75,000.

40.     On or about April 23, 2013, Abakan executed and delivered the $1,500,000 Amended Convertible Promissory Note (Exhibit 1-A hereto) to Bank Julius Baer & Co. Ltd. in Dade County, Florida.

41.     Sonoro owns and holds the $1,500,000 Amended Convertible Promissory Note.

42.     Abakan failed to pay the $1,500,000 Amended Convertible Promissory Note when due.

43.     As of September 16, 2014, Abakan owes $2,265,477.89 on the $1,500,000 Amended Convertible Promissory Note.

44.     Sonoro is obligated to pay its attorneys a reasonable fee for their services.

WHEREFORE, Sonoro demands judgment for damages against Abakan.

## COUNT TWO – PROMISSORY NOTE
### (The $200,000 Amended Convertible Promissory Note)

45. Sonoro hereby repeats and realleges paragraphs 1-37 above as if fully set forth herein.

46. This is an Action for damages in excess of $75,000.

47. On or about April 23, 2013, Abakan executed and delivered the $200,000 Amended Convertible Promissory Note (Exhibit 1-B hereto) to Bank Julius Baer & Co. Ltd. in Dade County, Florida.

48. Sonoro owns and holds the $200,000 Amended Convertible Promissory Note.

49. Abakan failed to pay the $200,000 Amended Convertible Promissory Note when due.

50. As of September 16, 2014, Abakan owes $302,107.36 on the $200,000 Amended Convertible Promissory Note.

51. Sonoro is obligated to pay its attorneys a reasonable fee for their services.

WHEREFORE, Sonoro demands judgment for damages against Abakan.

## COUNT THREE – PROMISSORY NOTE
### (The $405,000 Promissory Note)

52. Sonoro hereby repeats and realleges paragraphs 1-37 above as if fully set forth herein.

53. This is an Action for damages in excess of $75,000.

54. On or about April 23, 2013, Abakan executed and delivered the $405,000 Promissory Note (Exhibit 1-C hereto) to Bank Julius Baer & Co. Ltd. in Dade County, Florida.

55. Sonoro owns and holds the $405,000 Promissory Note.

56. Abakan failed to pay the $405,000 Promissory Note when due.

57. As of September 16, 2014, Abakan owes $619,471.73 on the $405,000 Promissory Note.

58. Sonoro is obligated to pay its attorneys a reasonable fee for their services.

WHEREFORE, Sonoro demands judgment for damages against Abakan.

## **COUNT FOUR – INJUNCTIVE RELIEF**

59. Sonoro hereby repeats and realleges paragraphs 1-37 above as if fully set forth herein.

60. Section 4.10 of each of the Notes provides relief in the form of an "injunction or injunctions restraining, preventing, or curing any breach of this Note and to enforce specifically the terms and provisions thereof." *See* Exhibit 1 – A-C.

61. Unless Abakan is restrained and enjoined, Sonoro will be irreparably harmed as Abakan will permanently deprive Sonoro of its ability to collect the amounts due and payable under each of the Notes.

62. Unless restrained and enjoined, Abakan will continue to fraudulently transfer or otherwise dispose of material assets which would otherwise be available for satisfaction of the amounts owed to Sonoro under the Notes.

63. Sonoro has no adequate remedy at law for the harm that will ensue if Abakan is not restrained and enjoined from fraudulently transferring or otherwise depleting material assets.

64. Accordingly, injunctive relief is necessary and proper to preserve Abakan's status quo pending the outcome of this litigation.[1]

---

[1] Sonoro is contemporaneously filing a motion for injunctive relief, setting forth the grounds in support thereof in greater detail.

65. Sonoro is therefore entitled to limited injunctive relief, enjoining Sonoro from taking any of the following actions outside the ordinary course of business without Sonoro's consent:

   a) Paying, declaring, or setting apart for such payment, any dividend or other distribution (whether in cash, property, or other securities) on shares of capital stock other than dividends on shares solely in the form of additional shares;

   b) Directly or indirectly making any other payment or distribution in respect of its capital stock except for distributions pursuant to any shareholders' rights plan approved by a majority of Abakan's disinterested directors (other than the pending equity placement of up to 18,750,000 restricted common shares at a price of $0.40 a share disclosed via Abakan's Form 8-K of June 3, 2014, to which Sonoro previously consented);

   c) Redeeming, repurchasing, or otherwise acquiring any shares of its capital stock or any warrants, rights or options to purchase or acquire any such shares;

   d) Creating, incurring, assuming, guaranteeing, endorsing, contingently agreeing to purchase, or otherwise becoming liable on any new material debt (except borrowings for which the proceeds shall be used to repay Sonoro's Notes);

   e) Selling, leasing, or otherwise disposing of any significant portion of its assets; and

   f) Lending any additional money, giving any additional credit, or making any additional advances in excess of $100,000.

66. Each such restriction is expressly provided for in Sections 2.1 – 2.5 of each of the Notes.  *See* Exhibit 1 – A-C.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays the Court order and adjudge the following relief in favor of Sonoro, and against Abakan:

A. Temporary injunctive relief as set forth in Sonoro's Fourth Cause of Action;

B. Damages for Abakan's default of the $1,500,000 Amended Convertible Promissory Note, in an amount currently totaling $2,265,477.89;

C. Damages for Abakan's default of the $200,000 Amended Convertible Promissory Note, in an amount currently totaling $302,107.36;

D. Damages for Abakan's default of the $405,000 Promissory Note, in an amount currently totaling $619,471.73;

E. Sonoro be awarded its costs, disbursements, and attorneys' fees; and

F. The Court order such further and additional relief as it deems just, proper, and equitable.

Dated: October 1, 2014                                          ROBINS, KAPLAN, MILLER & CIRESI L.L.P.


By: /s/  Michael R. Whitt
     Michael R. Whitt

Craig Weiner
(*pro hac vice* to be submitted)
CWeiner@rkmc.com
Michael A. Kolcun
Fla. Bar No. 86043
MAKolcun@rkmc.com
601 Lexington Avenue, Suite 3400
New York, New York 10022-4611
Telephone:  (212) 980-7400
Facsimile:  (212) 980-7499

Michael R. Whitt
Fla. Bar No. 0725020
MRWhitt@rkmc.com
711 Fifth Avenue South, Suite 201
Naples, Florida 34102-6628
Telephone:  (239) 430-7070
Facsimile:  (239) 213-1970

*Attorneys for Plaintiff, Sonoro Invest S.A.*