UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23640-CIV-GAYLES/TURNOFF

SONORO INVEST, S.A.,

      Plaintiff,
vs.

ABAKAN, INC.,

      Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction with Incorporated Memorandum of Law (the "Motion") [ECF No. 4]. The Court has carefully considered the Motion and pertinent portions of the record.

In order to obtain a temporary restraining order, a party must demonstrate "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). Additionally, a court may only issue a temporary restraining order *without notice* to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b).

In the Motion, Plaintiff asks the Court to enter a "temporary restraining order enjoining

Abakan from executing any further transactions in violation of the promissory notes until such time as the Court enters an order on Sonoro's accompanying request for preliminary injunction." (Mot. 6). However, Plaintiff's attorney does not certify in writing any efforts made to give notice or sufficiently state the reasons why notice should not be required. Further, Rule 65(c) requires the movant to "give security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." FED. R. CIV. P. 65(c). Plaintiff, however, requests a temporary restraining order without posting any amount of security. Although the notes at issue provide for the issuance of a temporary restraining order in case of a default, the Court does not find a sufficient basis to issue a temporary restraining order without notice or the posting of security. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's request for a temporary restraining order is **DENIED without prejudice**. The Court reserves ruling on Plaintiff's request for a preliminary injunction until Defendant has had an opportunity to respond.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of October, 2014.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge Turnoff
      All Counsel of Record